928 F.2d 411
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert A. HILL, Petitioner/Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent/Appellee.
 No. 90-7016.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1991.
 
 VET.APP.
 AFFIRMED.
 Before RICH, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from the June 26, 1990 Order of the United States Court of Veterans Appeals (CVA), Docket No. 90-385, denying his petition for a writ of mandamus. We affirm.
 
 OPINION
 
 2
 One of the requirements for a writ of mandamus is the absence of an adequate alternative remedy.[1] See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). In the context of the present case, that means that the petitioner must exhaust all administrative remedies before seeking a writ of mandamus.
 
 
 3
 At the time of filing his petition in the CVA, Hill had not done so. In his petition, Hill alleges that numerous procedural errors were made by both the Department of Veterans Affairs (DVA) and the Board of Veterans Appeals (BVA). However, these alleged errors can be raised before the BVA, and the BVA could provide adequate relief if any errors were, in fact, found. Thus, Petitioner's failure to await a decision by the BVA constitutes a failure to exhaust administrative remedies.
 
 
 4
 Subsequent to the CVA's Order denying the petition for a writ of mandamus, the BVA issued a decision denying Hill's application for veteran benefits. As Petitioner points out in his reply brief, it appears that he does not have appeal rights to the CVA, because his initial notice of disagreement was filed before November 18, 1988, the date of enactment of the Veterans' Judicial Review Act. See Veterans' Judicial Review Act, Pub.L. No. 100-687, Sec. 402, 102 Stat. 4122 (1988). However, that does not change the fact that at the time the petition for a writ of mandamus was filed in the CVA, his administrative remedies before the BVA were not yet exhausted. We express no opinion as to whether relief by writ of mandamus is available now that the BVA has issued its final decision.
 
 
 
 [1]
 Respondent's brief indicates that it is not clear whether the CVA has the authority to issue writs of mandamus. We do not reach the issue, since we agree that the requirements for mandamus are not met in this case